```
         UNITED STATES DISTRICT COURT
      SOUTHERN DISTRICT OF WEST VIRGINIA
                AT CHARLESTON
```

**TONYA C. COTTON,**

        Plaintiff,

v.                                Civil Action No. 2:20-cv-00465

**CITY OF CHARLESTON,**

        Defendant.

## MEMORANDUM OPINION AND ORDER

Pending is the plaintiff's motion filed on July 9, 2020, requesting that this action be remanded to state court and seeking an award of costs and expenses (ECF No. 3).

### I.  Background

The plaintiff initiated this action on June 8, 2020, in the Circuit Court of Kanawha County, West Virginia. See ECF No. 1-2. In her complaint, the plaintiff alleges her employment with the city collector's office was wrongfully terminated by the defendant, the City of Charleston (the "City"). See id. at 5–13. Based on the allegations, the plaintiff asserts five causes of action, including unlawful retaliatory discharge in violation of state public policy, tortious violation of constitutional rights, and violations of the West Virginia Human

Rights Act based on the plaintiff's age, sex, and race. See id. at 7-12.

In her first cause of action, the plaintiff asserts that her termination contravened substantial West Virginia public policy and was thus unlawful under Harless v. First Nat'l Bank, 246 S.E.2d 270 (W. Va. 1978). See ECF No. 1-2 at 7. She further asserts:

> The source of the substantial public policies upon which the plaintiff's claim is based are the constitutional rights guaranteed to the plaintiff under Article III, Section 7 and/or Article III, Section 3 of the West Virginia Constitution and under the First Amendment of the United States Constitution.

Id.

In her second cause of action, the plaintiff asserts the following:

1. The second count alleges a State constitutional tort action against the defendant under the West Virginia Constitution, pursuant to the common law of West Virginia.

2. The actions of the defendant violated the constitutional rights guaranteed to the plaintiff under Article III, Section 7 and/or Article III, Section 3 [o]f the West Virginia Constitution[.]

3. The actions of the defendant also violated the constitutional rights guaranteed to the plaintiff under the First Amendment to the United States Constitution.

4. The provisions of the United States Constitution are cited in this Complaint because, with some limited

>    exceptions, the rights guaranteed to the plaintiff
>    under the West Virginia and United States
>    Constitutions are so parallel that the violation of
>    one similarly would constitute the violation of the
>    other[.]  In civil rights litigation, plaintiffs
>    often cite the state and federal constitutional
>    provisions implicated so that the issues in the case
>    are federalized to allow for possible review by the
>    United States Supreme Court in the unlikely event
>    that either the trial court or the West Virginia
>    Supreme Court interprets a constitutional right
>    contrary to decisions [o]f the United States Supreme
>    Court.
>
> 5. By alleging that the defendant violated the
>    plaintiff's rights under the West Virginia and
>    United States Constitutions, the plaintiff clearly
>    and unambiguously has not created any federal cause
>    of action to warrant the removal of this case to
>    federal court.
>
> 6. . . . .  Furthermore, by alleging violations of the
>    United States Constitution, the Governmental Tort
>    Claims and Insurance Reform Act is inapplicable.

Id. at 8-9.

On July 8, 2020, the City removed the action to this court, asserting that the plaintiff's first and second causes of action arise under the federal Constitution.  See ECF No. 1.

The plaintiff subsequently filed the current motion to remand.  See ECF No. 3.  Notably, in her motion-to-remand briefing, the plaintiff represents that she "went to great lengths to ensure that any person reading [her] complaint would have to know that only an action based upon West Virginia law was being alleged."  Id. at 5 (emphasis added).  She further

3

represents that she "deliberately and explicitly stated throughout the complaint that [she] [was] alleging a state constitutional tort action and that this action <u>was not filed pursuant to 42 U.S.C. § 1983</u>, or any other related federal statute."  Id. at 7 (emphasis added).

## II.  Discussion

A.  <u>Motion to Remand</u>

Under the statute governing federal removal jurisdiction, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).  One source of original jurisdiction provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  Accordingly, under the well-pleaded complaint rule, "removal is appropriate if the face of the complaint raises a federal question."  <u>Lontz v. Tharp</u>, 413 F.3d 435, 439 (4th Cir. 2005).

In applying the well-pleaded complaint rule, "courts 'ordinarily look no further than the plaintiff's properly pleaded complaint in determining whether a lawsuit raises issues

4

of federal law capable of creating federal-question jurisdiction under 28 U.S.C. § 1331.'" Pinney v. Nokia, Inc., 402 F.3d 430, 442 (4th Cir. 2005) (brackets and ellipsis omitted) (quoting Custer v. Sweeney, 89 F3d 1156, 1165 (4th Cir. 1996)). "[I]n examining the complaint, [the] first step is to 'discern whether federal or state law creates the cause of action.'" Id. (quoting Mulcahey v. Columbia Organic Chems. Co., 29 F.3d 148, 151 (4th Cir. 1994)). "If federal law creates a plaintiff's claim, then removal is proper." Id. Further, if state law creates a claim, removal is proper if the defendant establishes that "the plaintiff's right to relief necessarily depends on a question of federal law" and that "the question of federal law is substantial." Id. (internal quotation marks omitted) (quoting Dixon v. Coburg Dairy, Inc., 369 F.3d 811, 816 (4th Cir. 2004)).

"[T]he party seeking removal[] . . . bears the burden of establishing federal jurisdiction, in a context in which [courts] 'strictly construe' jurisdictional limits because of the 'significant federalism concerns' that attend the removal of cases from state court to federal court." Burrell v. Bayer Corp., 918 F.3d 372, 380–81 (4th Cir. 2019) (quoting Mulcahey, 29 F.3d at 151). "'If it appears before final judgment that a case was not properly removed, because it was not within the

original jurisdiction of the United States district courts, the district court must remand it to the state court from which it was removed.'" Pinney, at 441 (quoting Franchise Tax Bd. v. Constr. Laborer's Vacation Tr., 463 U.S. 1, 8 (1983)).

In its briefing on the motion, the City appears to assert federal-question jurisdiction based only on the plaintiff's second cause of action. See ECF No. 6. Thus, the City seems to have abandoned its assertion that removal could be predicated on the plaintiff's first cause of action. See Burrell, 918 F.3d at 380-81 (placing burden to establish jurisdiction on the removing party). Accordingly, the dispositive issue here is whether the second cause of action raises a federal question for purposes of removal jurisdiction.

In addressing this issue, both parties cite prior decisions from this court concerning the removability of actions involving similarly worded complaints. See, e.g., Treadway v. Raleigh Cnty. Bd. of Educ., No. 5:19-cv-0776, 2019 WL 6713389 (S.D.W. Va. Dec. 9, 2019); Eggleton v. Town of Clendenin, No. 2:07-0026, 2007 WL 9718532 (S.D.W. Va. Sept. 27, 2007); Lilly v. Town of Clendenin, No. 2:05-0303, 2005 WL 2171670 (S.D.W. Va. Sept. 6, 2005).[1] The court finds these prior decisions

---

[1] Indeed, the relevant language from the plaintiff's complaint quoted in the first section of this memorandum and opinion is

illuminating. In them, the court noted that the complaints were "enigma[tic]" because they contained the "somewhat conflicting representations" that the plaintiffs eschewed any federal cause of action and that they nonetheless alleged violations of federal constitutional rights. Lilly, 2005 WL 2171670, at *3; see also Treadway, 2019 WL 6713389, at *2; Eggleton, 2007 WL 9718532, at *6. In light of the ambiguity, the court determined that the "better reading" of these complaints was that "the plaintiff[s] seek[] to proceed in state court with state claims, although asserting for good measure that violation of the state constitutional provisions would also amount to federal constitutional deprivations, federal claims which [they] decline[] to pursue." Lilly, 2005 WL 2171670, at *3; see also Eggleton, 2007 WL 9718532, at *2. This reading was appropriate for at least three reasons: (1) the plaintiffs unambiguously clarified in their remand briefing that their claims were controlled by West Virginia law only; (2) where complaints are susceptible to two interpretations, federal courts are obliged to strictly construe them and accept the interpretation that defers to the state tribunal; and (3) the complaints expressly disclaimed reliance upon § 1983, the vehicle for alleging a violation of federally protected rights by state and local

---

nearly identical to the language found in these other cases' complaints that the court found to be determinative.

governments and officials. See Eggleton, 2007 WL 9718532, at *2, 7; Lilly, 2005 WL 2171670, at *3.

Applying the same analysis here, the court concludes that the face of the plaintiff's complaint does not raise a federal question and thus that the removal jurisdiction is lacking. First, the plaintiff unambiguously clarified in her remand briefing that she is asserting "only an action based upon West Virginia law." ECF No. 3 at 5. Second, although the plaintiff's complaint is as enigmatic as those addressed in prior cases, it may be reasonably interpreted as asserting only state causes of action and a right to relief that does not necessarily depend on a question of federal law,[2] an interpretation the court must credit. Third, although, unlike in prior cases, the plaintiff's complaint does not expressly disclaim reliance on § 1983, it generally eschews any federal cause of action, and the plaintiff's remand briefing expressly disclaims reliance on § 1983 and any related federal statute. See id. at 7.[3]

---

[2] Because the second cause of action "alleges violations of both the West Virginia Constitution and the United States Constitution," it "does not necessarily depend on a resolution of a substantial question of federal law." Treadway, 2019 WL 6713389, at *1 (emphasis added).

[3] The court emphasizes that it is relying on the plaintiff's unambiguous representations in her briefing, signed by her counsel, that this action is brought only under West Virginia

The City's attempts to distinguish the complaint in this case from those addressed in prior cases are unavailing. First, the City points out that, unlike in other cases, the plaintiff's complaint does not expressly disclaim reliance on § 1983. The court concludes, however, that the fact that the complaint does not expressly disclaim reliance on § 1983 is a distinction without a difference because the complaint eschews any federal cause of action, which, of course, includes an action brought under § 1983, and because the plaintiff, in her remand briefing, expressly disclaims any reliance on § 1983.

Second, and relatedly, the City argues that <u>City of Saint Albans v. Botkins</u>, 719 S.E.2d. 863 (W. Va. 2011), which was decided after some of this court's decisions discussed above, weighs in favor of removal jurisdiction. In <u>Botkins</u>, the West Virginia Supreme Court of Appeals addressed a "complaint alleging violations of 'Article III, Sections 1, 5, 10, and 14 of the West Virginia Constitution which incorporates the constitutional rights guaranteed to plaintiff under the First, Fourth, Fifth, Sixth, and Fourteenth Amendments to the United

---

law and that she does not bring any claim under § 1983 or any similar federal statute. In the court's view, the plaintiff's representations constitute binding judicial admissions regarding the nature of her claims. See <u>Everett v. Pitt Cnty. Bd. of Educ.</u>, 788 F.3d 132, 141 (4th Cir. 2015) (discussing judicial admissions).

States Constitution'" and determined that, "[a]s presented, the 'constitutional tort' claim would be a civil rights action under the provisions of 42 U.S.C. § 1983.'"  719 S.E.2d at 866 n.8. In the City's view, Botkins stands for the proposition that, under West Virginia law as articulated by the Supreme Court of Appeals, a complaint that alleges violations of rights under both the West Virginia and United States Constitutions and that does not expressly disclaim reliance on § 1983 is construed as an action brought under § 1983.  This view is further supported, the City argues, by the understanding that "[§] 1983 is the means for alleging a violation of federally protected rights by local entities and their officials," Lilly, 2005 WL 2171670, at *3 (emphasis in original), and by the Supreme Court of Appeal's subsequent pronouncement that "West Virginia does not recognize a private right of action for monetary damages for a violation of Article III, Section 6 of the West Virginia Constitution," Syl. pt. 3, Fields v. Mellinger, ___ S.E.2d ___, 2020 WL 7223533 (W. Va. Nov. 18, 2020), which, in the City's view, suggests that there is no stand-alone cause of action for the violations of the West Virginia constitution alleged in the plaintiff's complaint.

The court is not persuaded by this argument.  Botkins did not broadly hold that all complaints alleging violations of

10

both state and federal constitutional rights that do not expressly disclaim reliance on § 1983 should be deemed as if brought under § 1983. Rather, in a brief footnote, the Botkins Court simply stated that it construed the specific complaint "presented" to it as if brought under § 1983. 719 S.E.2d at 866 n.8. Notably, the Botkins Court was not faced with a complaint, like the plaintiff's, that expressly eschews any desire to bring a federal cause of action. See ECF No. 6-1 (setting forth the Botkins complaint). Further, the City's arguments that West Virginia does not recognize certain, stand-alone state constitutional causes of action and that § 1983 is the vehicle for bringing certain federal constitutional causes of action are beside the point. "[A] plaintiff is the 'master of the claim,' and [s]he may 'avoid federal jurisdiction by exclusive reliance on state law' in drafting h[er] complaint." Pinney, 402 F.3d at 442 (quoting Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987)). Thus, plaintiffs can (and often do) assert state-law causes of action that are subject to swift dismissal because they are not cognizable under state law; this does not authorize defendants or the court to re-cast them as federal causes of action for purposes of removal jurisdiction. Here, the plaintiff's second cause of action might not be a cognizable state-law claim and thus might be subject to dismissal in state court, but that does not mean it must therefore be construed as

11

a federal claim, especially in light of the well-pleaded complaint rule and the plaintiff's express representations that her complaint does not assert federal claims.[4]

Third, the City points out that the plaintiff's complaint invokes W. Va. Code § 29-12A-18(e), see ECF No. 1-2 at 7, which states that the West Virginia Governmental Tort Claims and Insurance Reform Act generally does not apply to "[c]ivil claims based upon alleged violations of the constitution or statutes of the United States," W. Va. Code § 29-12A-18(e). However, as the City acknowledges, the plaintiff's reference to § 29-12A-18(e) is "little more than an assertion . . . of how [she] believes a state statut[ory] [defense] applies or will apply to [her] case." Mem. Op. & Order, Taylor v. Kanawha Cnty. Bd. of Educ., No. 2:05-0877, at 4 (S.D.W. Va. Dec. 19, 2005).[5] "[T]he application of [this] state law defense does not bear on whether the action arises under federal law pursuant to 28

---

[4] The City may be concerned that, upon remand to state court, the plaintiff will attempt to proceed under, or otherwise rely on, § 1983 or a related federal statute as a vehicle to assert federal claims. This concern may be justified, as the plaintiff in Eggleton tried just that tactic. See Eggleton, 2007 WL 9718532, at *6-7. Here, the court notes as it has previously that, "should [the] plaintiff," despite her representations amounting to judicial admissions on which this court has relied, "attempt to pursue federal claims in the state forum, a second removal may be appropriate." Lilly, 2005 WL 2171670, at *4 n.8.

[5] The plaintiff filed the Taylor decision on the docket in this case. See ECF No. 3-1 at 16-21.

U.S.C. § 1331." Treadway, 2019 WL 6713389, at *2; see Caudill v. Blue Cross & Blue Shield of N.C., 999 F.2d 74, 77 (4th Cir. 1993) ("[F]ederal issues interposed as a defense generally do not create a cause of action 'arising under' federal law."), abrogated on other grounds by Empire Healthchoice Assurance, Inc. v. McVeigh, 547 U.S. 677 (2006); cf. Pinney, 402 F.3d at 446 ("'[A] case may not be removed to federal court on the basis of a federal defense, . . . ,' even if the complaint begs the assertion of the defense, and even if 'the defense is the only question truly at issue in the case.'" (quoting Franchise Tax Bd., 463 U.S. at 14)).

The City has not persuaded the court that the plaintiff's complaint is materially different than similarly worded complaints this court has found do not raise a federal question sufficient to invoke removal jurisdiction. Because the face of the plaintiff's complaint does not raise a federal question, removal jurisdiction is lacking, and remand is appropriate.

B. Costs and Expenses

"An order remanding the case may require the payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). "Absent unusual circumstances, courts may award attorney's fees

under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005).

The court concludes that an award of costs and expenses is unwarranted in this case. This court's prior decisions have repeatedly observed that complaints in this vein are, at best, enigmatic because, although they do not assert federal causes of action, they allege violations of federal constitutional rights and confusingly attempt to preserve the subject-matter jurisdiction of the United States Supreme Court. See Treadway, 2019 WL 6713389, at *1-2; Eggleton, 2007 WL 9718532, at *6-7; Lilly, 2005 WL 2171670, at *3 & n.5. The plaintiff's counsel should be aware of the inherent ambiguity of such complaints as he has appeared as counsel in several cases involving them. See, e.g., Eggleton, 2007 WL 9718532; Lilly, 2005 WL 2171670. Cost-shifting under § 1447(c) is not appropriate when it appears that the plaintiff is aware that the underlying complaint is designed to obfuscate the nature of her claims. See Lilly, 2005 WL 2171670, at *4 n.8 ("The court declines to award fees and costs[ where] [the] [p]laintiff's ambiguous pleading provoked the removal.").

Beyond the ambiguous nature of such complaints in general, the court also notes that the plaintiff's complaint

14

presented an additional potential justification for removal. In its prior decisions, the court explained that a complaint's express disclaimer of reliance on § 1983 was one of three factors militating against removal jurisdiction. See Eggleton, 2007 WL 9718532, at *2; Lilly, 2005 WL 2171670 at *3. But unlike in prior cases, the plaintiff's complaint did not expressly disclaim reliance on § 1983 specifically. In this memorandum opinion and order, the court has concluded that the plaintiff's general disclaimer of any federal cause of action in her complaint and her unambiguous representations that she disclaims any reliance on § 1983 specifically in her remand briefing is enough. However, the City's belief that the absence of any disclaimer in the complaint regarding § 1983 distinguished the plaintiff's complaint and was intended to provide a conduit for raising federal issues was not unreasonable.

In sum, the court concludes that the City had an objectively reasonable basis for seeking removal and that an award of costs and expenses is not appropriate.

### III. Conclusion

For the foregoing reasons, it is ORDERED that the plaintiff's motion to remand and for costs and expenses (ECF No. 3) be, and hereby it is, granted to the extent it requests this

15

action be remanded to state court and denied to the extent it requests an award of costs and expenses.

It is further ORDERED that this action be, and hereby it is, remanded for all further proceedings to the Circuit Court of Kanawha County, West Virginia.

It is further ORDERED that all other pending motions (ECF No. 21, ECF No. 24, and ECF No. 29) be, and hereby they are, denied as moot.

The Clerk is directed to transmit copies of this memorandum opinion and order to all counsel of record and any unrepresented parties and a certified copy to the clerk of court for the Circuit Court of Kanawha County, West Virginia.

ENTER: December 11, 2020

John T. Copenhaver, Jr.
Senior United States District Judge